## MARY M. CONDRY v. THOMAS CHESHIRE.

*Ejectment—Betterments—Substitution—Judgment.*

1. That the plaintiff in ejectment may recover upon an equitable title is a settled rule of law in this state.

2. Where the defendant in such case claims the value of permanent improvements as against the rents, he may, after judgment and before execution, proceed by petition to have the same assessed. Bat. Rev., ch. 17, § 262 *a.* The defendant, here, is not entitled to the right of substitution.

3. A judgment against a party upon whom no service of process has been made nor appearance entered, is absolutely void, and may be so treated without any direct proceeding to vacate it.

(*Murray* v. *Blackledge,* 71 N. C., 492; *Farmer* v. *Daniel,* 82 N. C., 152; *Stallings* v. *Gully,* 3 Jones 344; *Doyle* v. *Brown,* 72 N. C., 393; *Albea* v. *Griffin,* 2 Dev. & Bat. Eq., 9; *Merritt* v. *Scott,* 81 N. C., 385; *Hill* v. *Brown,* 76 N. C., 124, cited and approved).

EJECTMENT tried at Spring Term, 1881, of IREDELL Superior Court, before *McKoy, J.*

The plaintiff claimed under the following clause of John McLelland's will, which was put in evidence:

ITEM 5. "I give and bequeath to my neighbor and friend, R. H. Parks, two hundred and twenty-five acres of land, lying on the waters of Dutchman creek, being part of the plantation on which I formerly lived, including the dwelling and outhouses, in trust and confidence nevertheless for the sole use and benefit of Mary Condry, wife of Thomas Condry, and the heirs of her body, during her natural life, and at her death to the said heirs of her body to their own use, them and their heirs in fee simple forever."

It was proved that her husband died in 1858, and the plaintiff also offered evidence of the value of the yearly rents, claimed in the action, and rested her case. The children and heirs of the plaintiff were made parties during the pendency of the action.

The defendants, Cheshire and R. Holmes, put in evidence the

records of the court of equity for Iredell county, in which is set out in full an *ex-parte* petition of said Parks, trustee, filed at fall term, 1858, in which neither the said Mary nor her children were made parties, asking for a sale of the lands upon the ground that they were not yielding any rents beyond an amount sufficient to keep up repairs, and that the necessities of the said Mary and her children were great, and the interest of the purchase money would be more beneficial to them than the land. There was a decree of sale, and the land was bought by one Nathaniel Holmes at $775; report confirmed, purchase money paid, and a decree for title to be made to the purchaser.

It was also in evidence that Parks received the purchase money on the 8th and 9th of October, 1860, and loaned it out in good hands, but afterwards received the same from the borrowers in Confederate money, which he put into a safe, where it still remains. Parks is dead, and his heirs and executors were made parties defendant.

The deed from the clerk and master to the purchaser was put in evidence; also two deeds from him to the defendants, Cheshire (his son-in-law) and R. Holmes (his son), dated in 1872, for about one-half of the land to each, and reciting in each of the deeds the consideration of fifty dollars, the same being gifts or advancements of so much of his estate to them as his children.

The defendants offered to show the value of the annual rents, and permanent improvements put on the land by Cheshire, and that the same exceeded the rents in value, but on objection, the court refused to admit the evidence, on the ground that the improvements were not set up in the answer specifically as a counterclaim, and that in this action the remedy was by petition after judgment. Defendants excepted.

They then insisted that as the action is to recover the possession of land, and as the legal title was in the heirs of Parks, the trustee, who are parties defendant, and no judgment is demanded against them, the plaintiff should be nonsuited. But the judge held that under the will the plaintiffs had such title as enabled

them to maintain the action, unless the same had been divested by the sale under the petition in equity, and not being parties to the petition, nor assenting to or opposing the sale in any way, they were not bound by the decree, and were therefore entitled to recover. Defendants excepted. The statute of limitations was not relied on.

The court having held that the plaintiffs were entitled to recover, the defendants, Cheshire and Holmes, asked for a decree substituting them to the rights of the plaintiffs, that they might follow the proceeds of the sale in the hands of their co-defendants, the executors of Parks. But the judge was of opinion, and so ruled, that the administrator of the purchaser, Nathaniel Holmes, deceased, and not Cheshire and Holmes who paid nothing for the land, was entitled to be substituted. Defendants excepted.

Verdict and judgment for plaintiffs, appeal by defendants. The grounds of appeal set out in the case are:

1. For that the court held that plaintiffs, upon the title under the said will, were entitled to recover in the present form and scope of the pleadings in this action, and refused to nonsuit the plaintiffs.

2. For refusing to admit evidence of the value of said permanent improvements and that they exceed the value of the rents.

3. After deciding that in law the plaintiffs were entitled to recover the land, the court erred in holding that Cheshire and Holmes were not entitled by way of substitution to recover of their co-defendants, executors of Parks, the proceeds of sale paid to him.

No counsel for plaintiffs.

*Messrs. Scott & Caldwell, A. S. Merrimon* and *Robbins & Long,* for defendants.

ASHE, J. The first ground of appeal taken by the defendants is without foundation. It has been decided by this court and is

48

now to be considered a settled law of the state, that a plaintiff in an action to recover real property may recover upon an equitable title, even as in this case where the legal estate is in his trustee. *Murray* v. *Blackledge*, 71 N. C., 492; *Farmer* v. *Daniel*, 82 N. C., 152. And if the ground of appeal was intended to embrace the ruling of His Honor upon the legal effect of the decree in equity on the right of the plaintiffs to recover in this action, that question has been settled with no less certainty, in *Doyle* v. *Brown*, 72 N. C., 393, where it is held that " when a defendant has never been served with process, nor appeared in person or by attorney, a judgment against him is not simply voidable, but void, and may be so treated whenever and wherever offered, without any direct proceeding to vacate it." To the same effect is *Stallings* v. *Gully*, 3 Jones, 344.

Here, there was no service or pretence of service upon the plaintiffs, either by personal service or by publication; nor any appearance by them in person or by attorney ; nor any knowledge of the proceeding in equity until long after the decree of sale, and no ratification of the same.

As to the second ground: There was no error in the refusal of the judge to admit the evidence offered by the defendants with regard to permanent improvements.

The doctrine of betterments prior to the act of 1871–'72 (Bat. Rev., ch. 17, § 262 *a*), was recognized and admitted in this state only in cases of a purely equitable character: as where a contract for the sale of land had been rescinded, or the title had failed by reason of the contract not being in writing, &c. *Albea* v. *Griffin*, 2 Dev. & Bat. Eq., 9; *Hill* v. *Brower*, 76 N. C., 124. The doctrine has never been applied to actions of ejectment. To make it applicable to that action or to actions under the Code in the nature of ejectment, legislation was necessary. Hence the act of 1871–'72, which extended the doctrine to actions to recover land in nature of ejectment, prescribing the mode of proceeding, by petition, after judgment and before execution. And in *Merritt* v. *Scott*, 81 N. C., 385, it was held that to enjoy

the benefit of the act, the defendant after judgment must file his petition and ask to be allowed for his permanent improvements over and above the value of the use and occupation of the land. This remedy is still open to the defendants.

The remaining ground of appeal is not less untenable than those we have considered. We concur in the opinion expressed by His Honor that Cheshire and Holmes had no right to be substituted to the rights of the plaintiffs against their co-defendant executors, and for the reason assigned by him that they were mere volunteers and had paid nothing for the land, and that if any one had the right to such substitution, it was the representative of Nathaniel Holmes, but he was not a party to the action.

There is no error. The case is remanded that the defendants may have an opportunity to file a petition under the act of 1871–'72, if they shall be advised to do so.

No error. Affirmed.