### AUGUSTUS WRIGHT v. D. F. FORT.

(Decided May 22, 1900.)

*Deed of Trust—Death of Trustee—Substituted Trustee—*
*The Code, Section 1276—Mortgage—Equitable Title of*
*Assignee of Secured Note—Rents and Damages Pend-*
*ing Appeal.*

1. A conveyance made by a debtor to a trustee in trust to secure the
   payment of certain named notes to the rightful owner thereof is
   a deed in trust, and nothing results to the trustor until the debts
   are paid.
2. Upon the death of the trustee, the Clerk of the Superior Court may
   appoint another under The Code, sec. 1276, who may proceed to
   execute the trust according to the terms of the deed.
3. The assignee of a note secured by mortgage has an equitable interest
   in the land, which, as our courts are now constituted, may be
   enforced by an action for possession in the absence of an equitable
   defense in defendant, who with his bondsmen, will be liable for
   rents and damages since date of appeal.

CIVIL ACTION for the possession of two tracts of land,
684½A and 260A, heard before *Moore, J.,* at July Term,
1899, of the Superior Court of WAKE County, upon exception
by defendant to report of referee. An injunction to restrain
waste was also asked for, and an order of restraint had been
granted.

The defendant had conveyed his life estate interest in the
land to W. H. Pace, as trustee, by deed of trust, to secure
notes to the amount of $6,900, payable to him, but belonging
to plaintiff. Before completing the trust Mr. Pace died, and
W. C. Douglass was appointed by the clerk to succeed him
as trustee, by virtue of sec. 1276, of The Code. Mr. Doug-
lass completed the trust by making a sale, the plaintiff being
the purchaser, and receiving a deed.

The plaintiff,· Augustus Wright, was also· the assignee of a mortgage on the 684½-acre tract, made by defendant to· the trustees of Rex Hospital, of his life interest.

The defendant,· D. F. Fort, had made considerable payments upon the Pace notes—he contended he had settled them in full; he also· contended that the deed to Pace as trustee was not a deed of trust, but a mortgage, and that the substituted trustee, Douglass, could not sell the land; and he also· alleged that the plaintiff had charged and received usurious rates of interest on his various dealings with defendant.

There was a reference ordered at a previous term to· Hon. T. B. Womack, Referee, who reported adversely to· the· contentions of defendant, and that the plaintiff was entitled to recover possession with $500 rental value for 1899.

The Court confirmed the report and rendered judgment according thereto in favor of plaintiff. Defendant excepted and appealed.

*Mr. N. Y. Gulley,* for appellant.

*Messrs. J. N. Holding,* and *Douglass & Simms,* for appellee.

FURCHES, J. This is an action for the· possession of land. The plaintiff claims that he is entitled to· maintain the action upon two grounds: First, as the purchaser of the land in controversy at the sale of W. C. Douglass, Trustee; and secondly, as the purchaser and assignee of a note due the Rex Hospital by the defendant, and mortgage by defendant to· secure said note. The fact that the plaintiff was the· purchaser at the sale made by Douglass as trustee is not denied; nor is it denied that the defendant executed the note and mortgage to the Rex Hospital, and that the plaintiff is the owner thereof.

But the defendant resists the· plaintiff's right to recover

upon both of these grounds. He resists plaintiff's right to recover upon the title received from Douglass as trustee, for the reason that he professed to act as trustee, in the place and stead of W. H. Pace, who is dead, under an appointment made by the Clerk of the Superior Court of Wake County, pursuant to sec. 1276, of The Code, which appointment the defendant contends is void for the reason that said section does not apply.

The defendant does not deny that he executed the deed to Pace and that Pace is dead. But he denies that it is a *deed of trust,* for the reason that the *cestui que trust* is not named in the deed. Defendant contends that if it is a deed of trust, as there is no *cestui que trust* named, the estate conveyed resulted and returned to the defendant; that if this is not true, the most that can be made out of this deed is that it is a mortgage, and should have been foreclosed by the personal representatives of Pace under the statute.

It seems to us to be too plain for argument that it is a deed of conveyance to Pace to secure debts of the defendant, and that nothing can *result* to the defendant until these debts are paid. And this he is entitled to by the express terms of the conveyance. It can not be a mortgage, as it is made to W. H. Pace, *Trustee,* and is to secure certain notes therein specified, executed by the defendant on the same day the deed was executed. These notes are made payable to W. H. Pace, *Trustee,* and are specifically described as follows: "That whereas, D. F. Fort is justly indebted to said W. H. Pace, Trustee, in the sum of six thousand and nine hundred dollars, evidenced by six several bonds of even date herewith, as follows: One thousand dollars due October 1, 1886; one thousand dollars due November 1, 1886, one thousand dollars due December 1, 1886; seventeen hundred dollars due January 1, 1887; eleven hundred dollars due October 1, 1887,

and eleven hundred dollars due December 1, 1887, each of said bonds bearing interest from date at 8 per cent per annum." And it is further provided in said conveyance that said property is "conveyed to the said W. H. Pace, Trustee, his heirs and assigns, upon the following trusts, namely: If the said D. F. Fort shall fail or neglect to pay the said bonds or either of them at maturity, with all interest due and payable, or any part of either the principal or interest when due and payable, that the whole of said debt shall be considered due and payable, and upon the application of any party rightfully in possession of the said bonds or either of them, the said W. H. Pace, Trustee, is hereby authorized and fully empowered to expose the interest, claim, property and demands of said D. F. Fort in the lands, crop, personal property, stock of goods, and all other things of value herein conveyed, to public sale to the highest bidder for cash at the court-house door in said county of Wake, after making advertisement of the time and place of sale for thirty days in some newspaper published in the county of Wake   *   *   *, convey the lands to the purchaser in fee simple, and after paying the expenses of making such sale, with 5 per cent commissions on amount of sales, apply the proceeds of said sales and collections to the discharge of whatever may remain unpaid on *said bonds,* and all interest thereon accrued and pay the surplus, if any, to the said D. F. Fort, his legal representatives or assigns."

So it clearly appears that this conveyance to W. H. Pace, Trustee, is a *deed in trust* to secure and pay the notes therein named, and that the *rightful holder of these notes had the right to demand a foreclosure of said trust and the payment of the same.*

It is not denied but what these notes were assigned and delivered to the plaintiff by W. H. Pace, Trustee, without

recourse, and that the plaintiff is now the *rightful* holder and owner of these notes.

To our minds, this deed is not a mortgage; that there is no resulting trust to the defendant until the notes therein secured are paid; that it is a *deed of trust,* and, the trustee, Pace, being dead, the said Douglass was properly appointed trustee, and had the right to foreclose by sale.

This establishes the plaintiff's title under the sale by Douglass, as we do not think he has shown that these notes have been paid or otherwise discharged.

This is simply an action for possession of land.  It is not for the recovery of the notes or any balance due on them. And the reference was not for the purpose of taking and stating an account and settlement between the parties; but, as the defendant had alleged that the indebtedness secured by the deed of trust had been paid or discharged, this reference was made for the purpose of ascertaining the truth of this plea, and for no other purpose.  The account does not therefore furnish a basis for a judgment on the indebtedness of the defendant to the plaintiff, and no such judgment is asked or granted.   And if the plaintiff shall sue the defendant on these notes, the defendant may set up any defense he may have, and the judgment in this action will be no estoppel against his doing so.   This entitles the plaintiff to recover on the Douglass deed.   And we see no reason why he might not recover on the Rex Hospital mortgage, as the admitted facts, as to that, makes him the equitable owner of the property embraced in that mortgage.   It has been several times held by this Court that, as the courts are now constituted, a party may maintain an action for possession upon an equitable title, where the defendant has no equitable defense to such action.   *Condrey v. Cheshire,* 88 N. C., 375; *Taylor v. Eatman,* 92 N. C., 601.

But mortgagees and the holders of equitable estates do not usually bring actions for possession, as the possession by them, before the trust is closed, would usually subject them to a claim for rents. In this case it might not do so, as the plaintiff is entitled to possession under the Douglass deed.

The judgment of the Court below must be affirmed. But if the defendant has continued in possession, he and his bondsmen will be liable for rents and damages, (if any), since the date of the judgment appealed from, and not included in that judgment.

Affirmed.