COMMISSIONERS OF ALAMANCE v. J. A. BLAIR, Admr. of B. B. Bulla

*Liability of Administrator — Amendments to Pleadings.*

1. An administrator is not liable *as such*, for money received by him upon a claim which had been placed in the hands of his intestate for collection.

2 Amendments to pleadings which further justice, speed the trial of controversies or prevent unnecessary circuity of action and unnecessary expense, should be liberally allowed on proper terms.

CIVIL ACTION, tried at Fall Term, 1876, of RANDOLPH Superior Court, before *Kerr, J.*

His Honor, by consent of the parties, found the facts to be as follows: In 1864 or 1865, the County of Randolph became indebted to sundry citizens of Alamance County, including the Sheriff, Jailor and Clerk of the Superior Court, in the sum of $441.85 for costs and jail fees, incurred by the removal of the case of State v. Modlin and others (who were charged with burglary) from Randolph to Alamance for trial. At Spring Term, 1866, of the Superior Court of Alamance, a. *nolle pros.* was entered and the case dismissed. Subsequent-

ly a bill of costs in favor of said officers and others, amount-ing in all to $549.48, was sent to B. B. Bulla, at that time Clerk of the Superior Court of Randolph. Upon presentation to the proper authorities of said County, an order was made for the payment thereof. This order was afterwards approved by the Board of County Commissioners in December, 1868.

The amount due as aforesaid was paid by Alamance County to the parties entitled.

Bulla died in July, 1872, and Blair was appointed administrator. No part of said amount was ever paid to Bulla, as Clerk aforesaid or otherwise.

In 1874, and before this action was brought, the Sheriff of Randolph paid to Blair the administrator of Bulla, the amount due upon said order and was credited with the same in his settlement with the County. A demand was made upon Blair as administrator to pay said amount.

Upon the foregoing facts, His Honor held that this action could not be maintained.

The plaintiffs' counsel then moved for judgment against Blair individually, which motion was overruled. Judgment in favor of defendant for costs   Appeal by plaintiffs.

*Messrs. Scott & Caldwell*, for plaintiffs.
*Messrs. Mendenhall & Staples*, and *J. A. Gilmer*, for defendant.

RODMAN, J. It is conceded by both parties, that upon the facts found by the Judge, the plaintiffs were not entitled to the judgment demanded in their complaint, which was against Blair as administrator of Bulla. Bulla never received the money and was never indebted to the plaintiffs. We may assume for the present purpose, that upon the facts found, the plaintiffs were entitled to judgment against Blair individually. The plaintiffs without moving to amend their com-

plaint so as to make it conform to the proof moved the Court for a judgment against Blair individually which the Court refused and dismissed the action.

We think that under §§ 128, 129, 132 and 135 of C. C. P., the Court might have allowed the amendment suggested, either upon motion by the plaintiffs or *ex suo motu.* The allegation in the complaint that the money was received by Bulla in his life time was a mistake, as the defendant necessarily knew, and it does not appear to us, that it could have misled or prejudiced him in his defence. But we cannot say that the allegation was immaterial. In fact it was material. If true, the plaintiffs would have been entitled to judgment against the defendant, to be levied *de bonis testatoris.* But the allegation was supported by no evidence. We think that under the sections cited, the allowance of the amendment was discretionary with the Judge under the circumstances of this case and that his refusal to allow it can not be reviewed here.

This Court has often expressed its opinion, that amendments which further justice, speed the trial of controversies or prevent unnecessary circuity of action and unnecessary expense ought to be liberally allowed on proper terms. Such is undoubtedly the spirit of the Code, as is shown by the sections above cited But in most cases, it must remain with the Judges of the Superior Courts alone to give effect to it.

Of course, the dismissal of the present action will be without prejudice to one against Blair personally.

PER CURIAM.                              Judgment affirmed.