JACOB MILLER v. H. A. MILLER.

*Evidence—Deed, mistake in and cancellation of—Issues—Pleading and Practice.*

1. In an action to cancel a deed which the plaintiff alleged was executed to his son by mistake, the plaintiff, with a view to show that he would not convey so much property to his son without reserving a sufficiency for himself, was allowed to prove the extent and value of the land; *Held*, no error, especially when the defendant had proved that, about the same time, the plaintiff had conveyed to him all his personal property as well as the land. In such case it was not improper in the court to allow equal latitude to both parties.

2. *Held further*, if the alleged mistake be established, the defendant has no deed in contemplation of equity, and the plaintiff is entitled to have the same cancelled.

3. Only such issues as arise upon the pleadings should be submitted to the jury, and it is the duty of the court to determine what they are. The law and practice in reference to pleading and framing issues, discussed by MERRIMON, J.

14

CIVIL ACTION tried at Fall Term, 1883, of IREDELL Superior Court, before *Avery, J.*

This was an action to set aside and cancel a deed upon the ground that it was executed by mistake.

The substance of the complaint is that on the 8th day of May, 1860, the plaintiff was and now is, the owner in fee of the lands specified in the pleadings; that, on that day, he prepared and intended to execute to the defendant, who is his son, a power of attorney authorizing him to sell and convey said land and account to him for the money he might realize for it; that the plaintiff being an ignorant man, unable to read and write, requested one Johnson to prepare a proper power of attorney for the purpose mentioned; that said Johnson was an unskilled person in such matters, and through lack of information, instead of furnishing a power of attorney, as he was instructed to do, he prepared a deed purporting to convey the fee simple in the land to the defendant, and advised the plaintiff that this deed was what he wanted and would effectuate his purpose; that plaintiff so believing, and supposing the paper was indeed a power of attorney, and having full confidence in his son's integrity, registered the deed; that afterwards the defendant did not sell the land, but promised to surrender the power of attorney or deed to be cancelled, and then, to reconvey the land to plaintiff; that he neglected from time to time to execute his promise, and at last absolutely refused to do so, and claimed the land as his own by virtue of said deed, and is in possession of a part of the land. The plaintiff demands judgment for the possession of the land; for damages, and that defendant reconvey the land to plaintiff and surrender the deed to be cancelled; and for general relief.

The defendant denies the material allegations in the complaint, and avers that the plaintiff well understood what he was doing when he executed the said deed, and that he intended to convey the land to defendant, and that he had no purpose to execute a power of attorney, as alleged. He further avers that at the time the plaintiff executed said deed, he was indebted to sundry cred-

itors; that his wife had sued him for divorce and alimony, and that the deed was made to defraud his creditors and his wife.

Before the trial, neither party tendered issues, but at the trial the court submitted to the jury the following issues, to which they responded in the affirmative:

1. Was it the intent of the plaintiff and defendant, when the deed of May 8th, 1860, was executed by plaintiff, that the plaintiff should execute a power of attorney, or other instrument, authorizing defendant to sell the land therein described for the plaintiff's benefit?

2. Was the said deed, by mistake of the parties, so drawn as to convey the lands therein described in fee simple to defendant?

The defendant, at the conclusion of the evidence, prayed the court to submit the following issues to the jury, which the court declined to do, and thereupon the defendant excepted:

1. Was the said deed from the plaintiff to defendant intended to be a power of attorney only, and, by mistake of J. A. Johnson, the draftsman, drawn as a deed conveying the land therein named to the defendant in fee?

2. Was it not the intention and purpose of the plaintiff Jacob Miller, in making the said deed to the defendant H. A. Miller, to delay and hinder the payment of his debts, and to defeat his wife Elizabeth Miller, in obtaining alimony out of said land in her suit then pending?

On the trial, the plaintiff asked a witness how many acres the tract of land in question contained, and the value of it? The defendant objected to this question and any answer to it, but the court allowed it and the answer, and the defendant excepted.

The defendant had offered testimony tending to show that the plaintiff had, in the month of May, 1860, conveyed to him all his personal property as well as the land. The plaintiff offered the testimony objected to, with the view to insist, before the jury, that it was not probable that he would convey to his son all his property, making no reservation or provision for himself.

There was judgment for the plaintiff and the defendant appealed to this court.

Messrs. *T. S. Tucker, Armfield & Armfield* and *J. M. Clements,* for plaintiff.

Messrs. *D. M. Furches* and *R. Z. Linney,* for defendant.

MERRIMON, J., after stating the case.   The evidence objected to was competent, especially in view of the latitude given the defendant in respect to the testimony introduced by him.   He was allowed to introduce evidence tending to show that the plaintiff had conveyed to him all his personal property about the time of the execution of the deed, plainly with the view to lead the jury to infer from this and other testimony the purpose he attributed to the plaintiff.   The plaintiff, on the other hand, was allowed to show the quantity of the land embraced in the deed and its value, with the view to induce the jury to infer from this and other testimony that he would not probably convey so much property to his son and make no reservation or provision for himself.   The fact was not of much moment and the jury not likely to be much impressed by it.   It is not probable that it misled them.   Great latitude is sometimes allowed by the court in the trial of issues by the jury, and it must be largely left to it, to see that the parties have equal latitude and advantage, as was the case here.   Greenl. Ev., §48; Steph. Dig. Law of Ev., 36, *et seq.*

"Issues arise upon the pleadings, where a material fact or conclusion of law is maintained by the one party and controverted by the other."   THE CODE, §391.

The complaint ought to contain a succinct and logical statement of the facts that constitute the plaintiff's cause of action. Passing by the demurrer, the answer should admit or deny the facts alleged with precision, stating only necessary facts in denial or explanation.   If a counterclaim is pleaded, only the facts constituting it should be stated.   These facts should be admitted

or denied specifically or generally by the plaintiff, and any facts constituting a defence to the counterclaim, not inconsistent with the complaint, should be stated with like precision. By the facts in the pleading, is not meant merely evidential facts, the evidence, but constitutional facts, facts that embody the elements of the cause of action, or the defence thereto, or the thing pleaded. These are proved by evidential facts.

If the pleadings are drawn with care and precision, there would need be little difficulty in eliminating the issues, whether of law or fact; they would stand out manifestly upon the face of the pleadings. The difficulty in ascertaining them grows, generally, out of the introduction of a multitude of unnecessary evidential facts, irrelevant and redundant matter, first into the complaint, then into the answer, then into the counterclaim and the reply, sometimes in one, sometimes in another, sometimes in all of these pleadings. Issues do not arise upon the evidential facts, nor upon the irrelevant or redundant matter, however important these things may be in themselves; as to the real pleadings, they are surplusage, foreign matter, that only serves to encumber and embarrass the pleadings. The issues of law or fact arise only upon the essential facts embodied in the pleadings, tersely and logically stated on one side and denied on the other. Redundant matter, whatever it may be, or whatever issue it may present, is *aliunde* and outside of the action, and must be rejected, and it is for the court to determine what issues are presented. The parties may suggest issues, the court may suggest issues; the court may accept or reject them, subject to review for alleged error upon appeal to this court, at a proper stage of the action. Parties cannot agree upon improper issues; issues arise upon the pleadings, and these alone must be tried. Unnecessary issues should be avoided, as they only tend to confuse, and serve no substantial purpose.

The plaintiff in this action alleged in his complaint, stripping it of all redundant matter, that he was the owner in fee of the land mentioned therein, and entitled to the possession thereof;

that by reason of his own ignorance and lack of skill, and the same lack on the part of the draftsman of the deed, he unintentionally executed to the defendant a deed conveying to him his tract of land; whereas, in fact, he only intended, and the defendant so understood at the time, as well as himself, to execute to the defendant a simple power of attorney authorizing him to sell and convey the land and account to the plaintiff for the money he might realize for it.

This the defendant boldly denies, except that he admits himself in possession of a part of the land. He then avers that the plaintiff conveyed the land to him by the deed intentionally and in fraud of his creditors. He did not need to aver this fact; it was not material in this action; the whole matter at issue upon the essential pleadings was presented without it. If the mistake was made as alleged, the defendant had no deed in contemplation of equity. The plaintiff was entitled to have what purported to be a deed, cancelled, as having been executed by mistake, and a reconveyance of the land. But if there was no such mistake, the plaintiff could not recover; for the defendant in the present state of the pleadings, no matter what motive prompted the execution of the deed, would remain in possession of and have title to the land, whether he paid a fair price for it or whether it was conveyed in fraud of creditors.

The plaintiff does not in any view of the pleadings allege that the land was conveyed to the defendant upon a trust, secret or otherwise, for some consideration, with a stipulation to reconvey, and ask for a reconveyance on such ground. In such, or the like case, such an issue as the defendant insisted upon might be pertinent and proper. If we suppose the second issue proposed by the defendant had been submitted and the jury had found upon it in the negative, as they must have done in view of their findings, the result in that case to the defendant would be just as it is. Suppose, however, they had found upon it in the affirmative; in that case, they must have found in the negative upon the issues that were submitted to them, and the result would be

the same still. If they had found as they did upon the issues submitted to them, and in the affirmative upon the proposed issue, then the verdict would have been contradictory and absurd, and the court would not have received it. The defendant got, by the issues submitted, all that the pleadings gave or could give him. He presented an unnecessary issue, and one not presented by the pleadings. He would have a direct issue raised by the pleadings determined incidently by an issue not necessarily presented.

Upon the naked material pleadings in the action, the two issues submitted by the court might, with slight modification, have been embodied in the one. The first issue proposed by the defendant was embodied in those submitted; the second did not arise upon the pleadings; it was immaterial, and the court properly refused to submit it.

There is no error, and the judgment must be affirmed. Let this be certified.

No error.      Affirmed.