AMOS WRIGHT et als. v. PATRICK H. CAIN.

*Issues—Statute of Limitation—Trusts—Champerty—Par Delictum.*

1. Only such issues as are raised by the pleadings should be submitted to the jury, and it is not error for the Court to refuse to submit an issue which the pleadings do not present.

2. The question whether a claim is barred by the statute, is never exclusively for the Court, unless the facts raising the question are alleged in the complaint.

3. Where there is an express trust, the statute only begins to run from a demand.

4. Where parties are *in pari delicto*, and one obtains an advantage over the other, courts of equity will not grant relief; but it is otherwise when they are not equally in fault.

5. The claimants of a tract of land agree with a third party, who was their near kinsman and adviser, and who had great influence over them, to pay him a consideration if he would recover the land for them, and in pursuance of the bargain, at his instance, conveyed the land to him without consideration, so that he might bring the action in his own name, which he did and recovered the land. He refused to reconvey the land. In an action against him by the claimants, *It was held*, that the contract was not champertous.

(*McElwee* v. *Blackwell*, 82 N. C., 345; *Miller* v. *Miller*, 89 N. C., 209; *Overcash* v. *Kitchie, Ibid.*, 384; *Pinckston* v. *Brown*, 3 Jones Eq., 494, cited and approved).

CIVIL ACTION tried before *MacRae, Judge,* and a jury, at Fall Term, 1884, of DAVIE Superior Court.

The action was brought by Wright and wife and Richardson and wife, against Cain, to compel him to reconvey to the *feme* plaintiffs a certain tract of land, which it was alleged that plaintiffs had conveyed to the defendant, with a parol' trust that he would reconvey the same to them, and for damages for possession of the land.

The complaint, in substance, alleged that the *feme* plaintiffs were the only heirs-at-law of one W. C. Powell, who died intestate in the county of Davie in 1851. That at the time of his death said Powell was possessed of considerable personal property, and also of a tract of land containing about one hundred and twenty-five acres. That at May Term, 1852, one Wyatt C. Powell was appointed and duly qualified as administrator of the estate of said W. C. Powell, and shortly thereafter filed a petition for the sale of the land of his intestate. That the plaintiffs were at that time minors and without guardian, and at the same term at which the petition for the sale was filed, an order of sale was made, and the land sold, when the said Powell himself became purchaser. That the defendant Cain is the grand-uncle of the *feme* plaintiffs, and had great influence over them. That he is a man of influence and standing in the county, having been for many years a justice of the peace, and, for several years before the war, a member of the county court, and was also one of the county commissioners. That on account of his kinship to them, and also on account of his reputation in the county as a man of probity and intelligence, the *feme* plaintiffs consulted him about their affairs, and he had great influence over them. That about the year 1872, the said defendant Cain intimated to the *feme* plaintiffs that their father's administrator had not properly settled his estate, and that they could recover the land formerly belonging to their father. That the defendant Cain told the *feme* plaintiffs that he hated to see orphan children defrauded, and that if they would pay him something for his trouble, he would assist them in recovering the land. That the *feme* plaintiffs were very poor and unable to employ counsel, and were ignorant

of their rights, and of the way to enforce them, and besides trusted implicitly in the good faith of the defendant, and so agreed to entrust their interest to him. That the defendant informed them that it would be best for them to make a deed to him of the land, in order that he might bring the suit in his own name, which they did, the defendant agreeing to reconvey the land to them, if he should succeed in recovering it, upon the payment to him of a just compensation for his trouble. That the defendant brought suit for the land and recovered it, but now refuses to reconvey, although the plaintiffs have demanded a reconveyance, and have offered to reimburse him for his expenses in the prosecution of the suit.

The defendant in his answer denied all the material allegations in the complaint, and alleged that he had purchased the rights of the *feme* plaintiffs for a full consideration. He also pleaded that the contract as set out in the complaint was champertous and illegal, and that the cause of action was barred by the statute of limitations.

The following issues, tendered by plaintiffs, were submitted to the jury:

1st. Did the defendant P. H. Cain take the deed described in the pleadings from the *feme* plaintiffs for the purpose of carrying on a suit against Holman for their benefit, with a promise to reconvey after compensation to him for his trouble and expenses?

2nd. Did P. H. Cain, before the execution of said deed, undertake to act in behalf of *feme* plaintiffs as their agent and confidential adviser in the expected litigation?

3rd. To what amount are plaintiffs entitled against the defendant as rents and profits?

4th. Is plaintiffs' claim to relief barred by the statute of limitations?

5th. To what amount is defendant entitled for bringing and prosecuting suit against Samuel Holman?

The defendant Cain tendered the following issues, in addition to those submitted:

1st. What is the value of the improvements made upon the land by defendant while in his possession?

2nd. Was the transaction between plaintiffs and defendant, if as alleged by plaintiffs, champertous, against the policy of the law, and such as a court of equity would not enforce?

Which issues the presiding Judge declined to submit, and the defendant excepted.

Much evidence was offered in support of the allegation of the complaint, on the one side, and of the answer on the other.

It was in evidence by plaintiffs, that the deed from plaintiffs to defendant Cain was executed on the 27th of November, 1872; that the *feme* plaintiff Margaret Wright was married in March, 1867, at the age of 19 years, to Amos Wright, co-plaintiff, who is still living; that her sister, Sarah D. Powell, was twenty-two years old when said deed was executed, and did not marry till she was twenty-eight years of age, in 1877; that the action prosecuted by defendant Cain against Samuel C. Holman, was terminated at Fall Term, 1877, by which Cain recovered possession of the lands in controversy; that in December, 1878, the plaintiffs Wright and Richardson, in behalf of their wives, demanded of defendant Cain a reconveyance of said land, and offered to pay any expense which he had incurred and to remunerate him for his services; that defendant Cain refused to reconvey said land as requested, and notified them that he held the land as his own; that this action was begun on 6th September, 1880.

Defendant Cain asked the following instructions, in writing:—

1. That any right that S. D. Powell and those claiming under her had, was barred by the statute of limitations, which was declined, and defendant Cain excepted.

2. That according to plaintiffs' allegation, the contract with defendant to institute and carry on the action of defendant against Samuel Holman was champertous, and a court of equity will not enforce the same. This was also declined upon the ground that defendant could not be heard to set up such a defence in this action, and the defendant excepted.

There was a verdict and judgment for the plaintiffs, and the defendant appealed.

*Messrs. Watson & Glenn*, for the plaintiffs.
*Messrs. D. M. Furches* and *E. S. Gaither*, for the defendant.

MERRIMON, J. The exception of the appellant cannot be sustained.

The pleadings did not in any aspect of them raise any issue of fact in respect to the value of improvements placed on the land by the defendant; nor was there any issue of fact so raised, as to whether or not the parol contract alleged in the complaint was affected with champerty. The defendant, in his answer, simply insisted that the contract as stated in the complaint was so affected, and void.

Only issues of facts raised by the pleadings must be submitted to the jury, and therefore the Court properly refused to submit those tendered by the appellant. *McElwee* v. *Blackwell*, 82 N. C., 345; *Miller* v. *Miller*, 89 N. C., 209; *Overcash* v. *Kitchie, Ibid.*, 384.

It seems that the fourth issue, to-wit: "Is the plaintiffs' claim to relief barred by the statute of limitations?" was withdrawn from the jury, and no instructions were given them as to that; for it is said in the case settled for this Court on appeal, that the "counsel for both sides say it is a question for the Court." It could not be a question exclusively for the Court, unless the facts raising the question were alleged in the complaint. So, we must take it, that the defendant meant to insist, that taking the facts to be as alleged in the complaint, the action was barred by the statute.

The allegations in the complaint are not very definite in some respects, but it is alleged that the defendant, in pursuance of the judgment in his favor in the action brought by him to recover the land, took possession of it in the fall of 1878, and after that the *feme* plaintiffs made demand upon him that he execute the

trust in question. This action was begun on the 23d day of August, 1880, manifestly less than three years next after the demand was made, so that the statute did not bar in this aspect of the case. If the trust was an express one, the statute would certainly only run from the date of the demand.

But, on the argument, the counsel for the appellant insisted that the appellees alleged in the complaint, at most, only an implied or constructive trust, and sought relief on the ground of fraud, and that the facts stated showed that they had knowledge of the alleged fraudulent transaction, even after 1872, and more than three years next before the beginning of this action, and therefore they were barred by the statute.

We cannot accept this view of the complaint. We think that it plainly alleges an express parol trust, an express agreement between the *feme* plaintiffs and the defendant, whereby the latter agreed in the contingency specified, that he would, upon being paid reasonable compensation for his services in recovering the land, hold the title thereto in trust for the *feme* plaintiffs and reconvey the same to them. The parol agreement providing the express trust is distinctly alleged, although there are also facts and circumstances alleged in support of the alleged purpose of the defendant to circumvent and defraud the *feme* plaintiffs. As an express trust is alleged, it is obvious that the statute did not bar the action of the plaintiffs.

It might well be questioned whether or not the parol agreement in question could, in any case or any view of it, be treated as tainted with champerty; but, as alleged, it is very clear it is not fatally so as to the appellees, because the *feme* plaintiffs were not in *pari delicto*—the parties were not equally culpable with the defendant; indeed, it is alleged that the *feme* plaintiffs were wholly ignorant of any illegal purpose—that they were poor, and ignorant of their legal rights—that the defendant was their kinsman, in whom they greatly confided—that he was a man of prominence—had been a justice of the peace, and for many years a member of the County Court—that he was a busi-

ness man—that they were intimate with, and confided greatly in his knowledge and experience—that he advised and encouraged them to make the agreement, and they did so mainly at his suggestion. Accepting the facts as alleged, the *feme* plaintiffs were poor, ignorant of business matters, confided greatly in the defendant, and acted upon his advice; he took a fraudulent and oppressive advantage of them, obtaining the same under the circumstances indicated above. A strong case of fraud indeed is alleged against the defendant.

Where parties are *in pari delicto*, and one obtains advantage over the other, a Court of Equity will not grant relief; but it is otherwise, where they are not equally in fault, as where the parties seeking relief were ignorant of their rights and the illegal nature of the transaction in question—were poor and dependent, and the advantage taken was oppressive, manifestly unjust and iniquitous. In such cases, the Court will grant relief, notwithstanding the illegality of the transaction in question. *Pinckston* v. *Brown*, 3 Jones Eq., 494; Story's Eq. Jur., §300 ; 3 Pomeroy's Eq. Jur., §942.

We discover no error in the record, and the judgment must be affirmed.

No error. Affirmed.