MARY M. CHRISTMAS, Executrix of T. B. BRIDGERS v. JOSEPH A. HAYWOOD.

*Action to Foreclose Mortgage—Agreement Concerning Land Void for Inability of Seller to Convey Good Title—Issues—Practice—Trial—Leading Questions—Irrelevant Testimony—Parol Evidence of Acknowledgment of Debt Not Sufficient to Revive Debt.*

1. A mortgagor from whom the mortgagee, after receiving various payments on the debt, agrees to take in final payment so much of the land as will equal, at a stated price per acre, the balance of the debt due, cannot profit by the agreement when the land is so encumbered by other mortgages and judgments as to disable him from conveying a good and unincumbered title to the land.

CHRISTMAS v. HAYWOOD.

2. The refusal to submit issues not raised by the pleadings is not error.

3. It being discretionary with the trial judge to permit or disallow a leading question to be asked of a witness, his refusal to allow it is not error.

4. Parol evidence is not competent to show an acknowledgment of a debt barred by the Statute of Limitations for the purpose of repelling the bar.

5. A question propounded to a .witness concerning a matter not referred to in the pleadings or involved in the issues is rightly rejected as irrelevant.

CIVIL ACTION, tried before *McIver, J.*, and a jury, at February Term, 1896, of WAKE Superior Court. The facts are sufficiently stated in the opinion of Associate Justice MONTGOMERY. There was judgment for plaintiff, and defendant appealed.

*Messrs. Battle & Mordecai* and *Argo & Snow*, for plaintiff.
*Messrs S. G. Ryan* and *Armistead Jones*, for defendant (appellant).

MONTGOMERY, J.: This was an action for the foreclosure of a mortgage. The debt was a balance of purchase-money due by the defendant to the plaintiff, as executrix of Thomas B. Bridgers, for the land conveyed in the mortgage. There were other mortgage and also judgment creditors of the defendant, of subsequent date and lien to the mortgage of the plaintiff's testator, and they were made parties to the suit. The defendant in his answer sets up an agreement in writing, which was signed by the testator, in which he agreed to receive, upon a final settlement of the debt due upon the land-purchase, (numerous payments having been made prior to the agreement,) so much of the land, at the price per acre originally agreed

to be paid by the defendant for the same, as would be equal to the balance of the debt; and he averred that he had offered to the plaintiff to carry out the agreement, and that he was, at the time of filing the complaint, ready and willing to do so. This feature of the case can be eliminated from the controversy for the reason that no proof whatever was offered on the trial about the matter; and further, because in the answer it is admitted and in the verdict of the jury it is established that the land which is conveyed in the mortgage is encumbered by numerous judgment and mortgage liens. The defendant therefore could not get the benefit of the agreement, because he could not convey to the devisees under the will of the testator a good and unincumbered title to any part of the land. The persons entitled under the will would have the right to demand that the land which the defendant might convey under the agreement, in satisfaction of the debt, should be free from encumbrances and that the title should be good. That is the true construction of the agreement.

The first exception of the defendant is the refusal of the judge to submit two issues tendered by him, viz.:

What is the present value of the land purchased by Haywood of Bridgers?

What is the value of the land agreed by Bridgers to be taken back from Haywood?

His Honor properly refused the issues. They do not arise upon the pleadings. There is not a word in the complaint and answer which raises such. It cannot be error to refuse to submit issues not raised by the pleadings. *McElwee* v. *Blackwell*, 82 N. C., 345 ; *Miller* v. *Miller*, 89 N. C., 209, and the numerous cases cited in Clark's Code, Section 393.

The second exception of the defendant is to the refusal of his Honor to allow the question, " What was the value

of the stone taken by Emery from your land and carried to Bridgers' premises ? " to be asked of the defendant, a witness on his own behalf.  The ruling of his Honor was on the ground that the question was a leading one.  Emery, a witness for the defendant, had testified that he took rock from defendant's land, hauled it to the testator's in his lifetime to be used in building barns for the testator, and that the testator had said that he would make it all right with the defendant.  Emery did not know the value of the rock. The question was undoubtedly a leading one.  It assumed that Emery had taken rock from the defendant's land and had carried it to that of the testator—a controverted fact; and the judge had discretion to allow or not allow such a question to be asked.  But if it were otherwise the defendant had no cause for complaint, because his Honor, after all, permitted the defendant to testify that Emery had taken and carried rock from the defendant's premises, and that it was worth $75 or $100, and Emery had testified that he had carried the rock to the testator's land.  The defendant therefore got the benefit of the subject-matter of the excluded question.

On the trial the judge allowed the defendant to offer proof of the value of certain rents for the years 1873 and 1874 which defendant averred that the testator owed him, and which he claimed as a credit on, or a counter-claim to, the plaintiff's debt.  This counter-claim, as it appears in the answer, was not sufficiently pleaded to allow the proof offered to be given in ; but as the judge allowed such a course, he also permitted the plaintiff to plead the Statute of Limitations to it.

The defendant offered to show by parol testimony that the rents were due in 1873 and 1874, and that the testator agreed to account for them, at the time of the agreement heretofore referred to, to-wit, on the 18th of February,

1893. The plaintiff objected to the testimony on the ground that it appeared that the alleged claim for rent was barred by the Statute of Limitations at the time of the alleged declaration of the testator, and that parol evidence was not competent to show an acknowledgment or promise whereby to repel the statute. The objection was sustained and the defendant excepted. There was no error in this ruling. The claim thus attempted to be used being barred by the statute, by all the proof offered before the declaration concerning it by the testator, could only be revived by a promise or acknowledgment in writing signed by the party to be charged thereby. *Code*, Sec. 172.

The defendant was asked by his counsel " if there was a gin and engine on the land when he bought it, and if they were there now ? " The plaintiff objected, and the objection was sustained. The question was irrelevant. There was no averment in the answer that the testator had converted the engine or gin of the defendant. There was no issue about it. Proof without allegation will not be allowed. It is a well-settled legal principle, repeatedly recognized by this Court, that a recovery cannot be had without corresponding allegations. *Smith* v. *B. & L. Asso.*, 116 N. C., 102    There is no error.

No Error.