WATKINS v. KAOLIN MANUFACTURING CO.

(Filed December 18, 1902.)

1. MORTGAGES—*Trust Deeds—Trustee—Damages.*

> The owner of land may bring an action for damages thereto, though she has executed a deed of trust thereon.

2. PLEADINGS—*Complaint—Sufficiency—Personal   Injuries—Damages.*

> A complaint, alleging that the plaintiff was greatly disturbed in body and mind to her damage, sufficiently alleges a personal injury.

3. ISSUES—*The Code, Sec. 260—Pleadings.*

> The issues submitted in this case were raised by the pleadings.

4. DAMAGES—*Personal Injuries—Fright—Nervousness.*

> An action for damages will lie for physical injury or disease resulting from fright or nervous shocks caused by negligent acts.

ACTION by Flora J. Watkins against the Kaolin Manufacturing Company, heard by Judge *Fred. Moore* and a jury, at May Term, 1902, of the Superior Court of JACKSON County. From a judgment for the plaintiff, the defendant appealed.

*Walter E. Moore,* and *Shepherd & Shepherd,* for the plaintiff.

*Coleman C. Cowan,* for the defendant.

COOK, J.   The substantial questions raised by the defendant's assignments of error are:

1. Could the cause of action for damage done to the house and land be maintained by plaintiff trustor?

2. Does the complaint state a cause of action for physical injury to plaintiff?

3. Does a cause of action lie for physical injury resulting from fright and nervousness caused by negligent acts?

As to the first question, it is clear that the plaintiff had the right to bring this action for damages done to the freehold. She owned the premises in fee, subject to a deed of trust executed thereon to secure a debt.   The conveyance of the title to the trustee did not disturb her possession or ownership as to trespassers and tort feasors.   So long as the property was of sufficient value to secure the payment of the debt, the trustee and *cestui que trust* could sustain no loss or injury by reason of damages done to the premises; therefore, the loss by reason of the damage would fall upon the trustor, the equitable owner, and she being the party really injured had a right to maintain the action.   She was in possession of the land, and being the equitable owner, had the right to recover in an action of ejectment, although the legal title was in the trustee.   *Murray v. Blackledge,* 71 N. C., 492; *Farmer v. Daniel,* 82 N. C., 152; *Condry v. Cheshire,* 88 N. C., 375; *Taylor v. Eatman,* 92 N. C., 601; *Graves v. Trueblood,* 96 N. C., 495.

The trustee, holding the legal title, might have been made a party to the action, but his recovery would have enured only to the benefit of the trustor, which could be of no concern to the trespasser or tort feasor.   A judgment in an action be-

tween the equitable owner in possession and the defendant for damages to the premises would be a bar to an action by the trustee. So, no loss could befall the defendant. Had defendant deemed the trustee a necessary party to the action, he should have demurred (The Code, Sec. 239, subsection 4), or answered (Sec. 241), otherwise it will be deemed to have been waived. Sec. 242.

As to the second question: Plaintiff alleges that she "became so nervous and frightened from the negligent and careless conduct and blasting of defendant, that she could not sleep at night and was greatly disturbed in body and mind, as well as for herself and the safety of her children as the destruction of her property, to her great damage in the sum of nineteen hundred and ninety-nine dollars." To sustain this allegation, she was allowed to prove that the blasting rendered her almost helpless; that she could not go about her daily duties, and could not keep on her feet to attend to her children; that it has affected her ever since, and has caused her female trouble out of its regular course. Under the old system of pleading, this variance would be fatal, but under the provisions of The Code, the rule is greatly modified, and pleadings must be liberally construed for the purpose of determining their effect with a view to substantial justice between the parties. The Code, Sec. 260. From a liberal construction of plaintiff's allegation, it appears that the alleged negligent blasting greatly disturbed her in body and mind, causing her to become so nervous and frightened that she could not sleep at night, causing her great damage; and as the result, she proves that she was *physically* injured as above stated, to which defendant excepted, but did not allege that it was misled by such a variance; therefore, plaintiff was not called upon to amend her complaint so as to conform to the proof, and the variance is deemed immaterial. The Code, Sec. 269; *Lilly v. Baker,* 88 N. C., 151; *Patrick v. Railroad,*

93 N. C., 422; *Lawrence v. Hester,* 93 N. C., 79; *Usury v. Suit,* 91 N. C., 406; *Bank v. Burgwyn,* 116 N. C., 122. It appearing that the defendant was not misled, the variance between the allegation and proof must be deemed to have been immaterial. *Gibbs v. Fuller,* 66 N. C., 116. Plaintiff, in her complaint, did not allege that she had been rendered almost helpless in consequence of such fright and nervousness, or that she could not go about her daily duties, and has been afflicted ever since with female trouble out of its regular course; but if defendant had alleged that it had been misled by such proof, and had proved the same to the satisfaction of the Court, the Judge may have ordered that the complaint be amended (Sec. 269, The Code), for amendments to pleadings which further justice, speed the trial of causes, or prevent circuity of action and unnecessary expense, are allowed on proper terms. *Commissioners v. Blair,* 76 N. C., 136. It clearly appears from the language of the allegation that plaintiff intended to charge that physical injury was done to her—"was greatly disturbed in body, * * * to her great damage"—and we think it does state a cause of action for physical injury. If defendant was misled and not put upon proper notice by it that plaintiff would offer evidence of *injuries to her person* resulting from fright, then it had its remedy under section 269 of The Code. Or, if defendant did not understand the precise nature of the charge made in the complaint, it had its remedy by applying to the Court for an order to have it made more definite and certain (Clark's Code, Sec. 261, and cases there cited). It does not appear from the record that any substantial rights of the defendant were affected by the failure to more fully set out plaintiff's cause of action, in which case the Court properly disregarded the alleged defect in the pleadings. The Code, Sec. 276.

Counsel having disagreed upon the issues, they were

framed by the Judge, and it is contended by the defendant that there was error in submitting the fourth and fifth issues, for that they were not raised by the pleadings; *Miller v. Miller,* 89 N. C., 209; *Christmas v. Haywood,* 119 N. C., 130; and that where the pleadings do not' distinctly and unequivocally raise an issue, it should not be submitted. *Sprague v. Bond,* 113 N. C., 552. But an issue was raised by the pleadings. Bearing in mind the requirement of the statute (Sec. 260), that "in the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties," this contention can not be sustained. Plaintiff's allegation is that she was "greatly disturbed in body, * * * to her great damage." * * * The fourth issue is, "Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint?" And the fifth, "What compensatory damages, if any, is the plaintiff entitled to recover for her personal injuries?" Instead of alleging that she was "injured," she alleged that she was "disturbed in body," to her great · damage. "Disturb," says Webster, primarily means "to throw into disorder or confusion; to derange; to interrupt the settled state of; to excite from a state of rest." So, substituting the word "injured" for "disturbed in body," and the words "for her personal injuries," for "the disturbance in body," did not change the issue with respect to the damage complained of; in the sense in which the words "disturbed in body," coupled with "to her great damage," are used in the allegation, which we understand to be that her body was thrown into a state of disorder, and thereby injured.

As to the third question: We are of the opinion that an action will lie for *physical* injury or disease resulting from fright or nervous shocks caused by negligent acts. From common experience, we know that serious consequences frequently follow violent nervous shocks caused by fright, often

resulting in spells of sickness, and sometimes in sudden death. Whether the physical injury was the natural and proximate result of the fright or shock, is a question to be determined by the jury upon the evidence, showing the conditions, circumstances, occurrences, etc. But it must also appear that the defendant could or should have known that such negligent acts would, with reasonable certainty, cause such result, or that the injury resulted from gross carelessness or recklessness, showing utter indifference to the consequences, when they should have been contemplated by the party doing such acts. As a condition precedent to recovery in such cases, it must appear that the defendant must or ought to have known of plaintiff's perilous position or condition, against which he should have to exercise care; otherwise such injury could not be within the contemplation of the actor, and put him upon notice as to this special care.

In the case at bar, defendant company's servants acted with utter indifference to the plaintiff's safety, and knew that plaintiff was a woman, and that she and her little children lived and were in her house only sixty steps away, and exposed to the danger; and after being asked by her to direct the blasting so as not to throw the rocks upon her house, continued to blast, throwing the stones from the size of a gallon bucket down to small stones upon and through her house, and into her yard and garden (depositing as much as a wagon load of rock in her yard, and several wagon loads in her garden), making it necessary for her and her children to secret themselves in the basement behind a stack chimney, and even there they were in danger. From the fright and nervous shocks received from such blasting, she testified that she was rendered almost helpless, and could not go about her daily duties, and could not keep on her feet to attend to her children, and has been affected ever since; that it has caused her female trouble out of its regular course. They, knowing

that plaintiff was a woman, and knowing (or ought to have known of) the weaknesses of a woman, should have contemplated the effects likely to be produced upon her by such danger and fright.

We do not wish to be understood as holding that an action, in a case like this, would lie for mental suffering and anguish from which no *physical* injury or disease directly resulted, as that question is not squarely presented in this appeal.

In *Bell v. Great Northern Ry. Co.,* L. R., 26 Ire., 428, the leading case in support of such action, it is held that if such bodily injury (serious impairment to health) might be a natural consequence of fright, it might be an element of damage for which a recovery might be had.   Sedgewick on Damages (8th Ed.), Sec. 861, in commenting upon it, says: "The principle adopted in this case would seem to be the true one. The negligence of the company being admitted, any injury directly resulting should be compensated."

In *Purcell v. St. Paul City Ry. Co.,* 48 Minn., 134, 16 L. R. A., 203, the plaintiff, a pregnant woman, was frightened by the negligent conduct of defendant in running its cars, miscarried, and suffered permanent injury: Held, that a cause of action would lie.

In *Mack v. South Bend Ry. Co.,* 52 S. C., 323 ; 68 Am. St. Rep., 913 ; 40 L. R. A. 679, the plaintiff threw himself down between and along the cross-ties just outside of the rail, bruising and injuring his person and barely escaped being struck by the locomotive, and was terribly frightened and shocked, his mind was affected and partially destroyed, his reason unbalanced, and for a long time was made ill and sick and suffered great mental anguish and physical pain arising from the terrible nervous shock and fright: Held, that an action would lie.   *Sloane v. So. Cal. Ry.,* 111 Cal., 668, 32 L. R. A., 193, is cited as an authority, but does not apply to the principle involved.   There, the recovery was had for mortifi-

cation, nervous effects and injuries suffered by reason of the plaintiff being put off the car by the conductor, after having purchased a proper ticket, which was taken up by the conductor before reaching the station to change cars, and he failed to give her a check to be used on the connecting line.

Those which hold *contra* are *Haile's Curator v. Texas, etc., Ry. Co.,* 60 Fed. Rep., 557; 23 L. R. A., 774; which holds that where a passenger on a railroad train receives no bodily injury from an accident caused by the company's negligence, but is made insane by the excitement and suffering resulting therefrom, the company is not liable in damages, since insanity is not a probable or ordinary result of exposure to railroad accidents. *Ewing v. Pittsburg, etc., Ry. Co.,* 147 Pa., 40; 14 L. R. A., 666; 30 Am. St. Rep., 709; by negligence of defendant's employees, a car was derailed and thrown against plaintiff's house, subjecting her to fright and nervous excitement, permanently weakening and disabling her, exhibits no cause of action. Mere fright, occasioned by accident, producing permanent injury to the nervous system, is a result too remote to be actionable. *Mitchell v. Rochester Ry. Co.,* 151 N. Y., 107; 34 L. R. A., 781; 56 Am. St. Rep., 604; plaintiff was frightened by defendant's negligence in allowing its horses to nearly strike her, from the fright of which she miscarried: Held, no action lies where there is no immediate personal injury. Victoria Ry. Commission, defendants, and Coultes, plaintiff, L. R. 13 App. Cases, 222, held, that damages for a nervous shock or mental injury caused by fright at an impending negligent collision, are too remote. *White v. Sanders,* 168 Mass., 298; rock thrown through a window and frightened a woman who suffered from nervousness: Held, not to be actionable. *Spade v. Lynn and Boston Ry. Co.,* 168 Mass., 285; 38 L. R. A., 512; 60 Am. St. Rep., 393; the conductor negligently put a drunken man off the car; plaintiff became frightened by the row, and

suffered mental and physical pain and anguish, and was put to great expense, but no physical injury or disease followed from it: Held, that the action would not lie. *Wyman v. Leavitt,* 71 Me., 227; 36 Am. Rep., 303; is to like effect; but the Court adds that "whether fright of sufficient severity to cause physical disease would support an action, we do not now inquire."

After a careful examination of all of the defendant's assignments of error, we find no substantial error, and the judgment is

Affirmed.