DICKENS v. PERKINS.

(Filed February 16, 1904).

1. ISSUES — *Contracts—Allegation and Proof—Variance—The Code, secs. 273, 391.*

    It is error to submit an issue as to a contract different from that alleged in the complaint.

2. ISSUES—*Instructions—Contracts—Variance—Pleadings.*

    Where a contract alleged in the complaint is different from that submitted in the issue, an instruction that if the contract was as alleged the issue should be answered in the affirmative, is error.

ACTION by Mary A. Dickens and others against Helen Perkins and others, heard by *Judge G. A. Jones* and a jury at November Term, 1902, of the Superior Court of HALIFAX County. From a judgment for the plaintiffs the defendants appealed.

*Day & Bell, W. E. Daniel* and *Battle & Mordecai*, for the plaintiffs.

*Thomas N. Hill* and *E. L. Travis*, for the defendants.

WALKER, J. This action was brought to enforce a parol trust. The plaintiffs allege in their complaint that in 1871 W. M. Perkins entered into a parol contract with Melissa J. Dickens, whereby he promised and agreed that, if she would

pay him the sum of $200, he would buy a tract of land, which is known as the Emsley Dickens home tract, at the judicial sale then about to be made by the administrator of Emsley Dickens, for the use and benefit of Mary Jane Dickens during her life, and at her death the remainder in fee for the use and benefit of the children of said Melissa J. Dickens, and that he would have a deed for the land made to himself and would then convey the land as above indicated. That the money was paid to him, and at the sale made by the administrator he bought the land and took a deed therefor in his own name, and that instead of complying with his agreement to execute the deed to Mary Jane Dickens for life, with remainder to the children of Melissa J. Dickens, he, by his will, devised the land to the said Mary J. Dickens for life and remainder in fee to the defendants Helen, Bettie and Nellie Perkins, in utter disregard of the rights and equities therein of the plaintiffs, who are the children of Melissa J. Dickens.  It is further alleged that W. M. Perkins has died, having left a will which has been duly admitted to probate.  There are other allegations in the complaint which it is unnecessary to set out, for it is not material that they should be considered in the view we take of the case as it is now presented.

The defendants, who are the heirs, devisees and executor of W. M. Perkins, in their answer deny that he entered into the agreement with Melissa J. Dickens which is described in the complaint, and while they admit that he bought the land and took the deed for the same in his own name, they deny that it was done under any parol agreement that he would hold it in trust as alleged by the plaintiffs, but on the contrary they aver that he bought the land for himself and took the deed in his own name without any trust attached thereto in favor of any of the plaintiffs, and that he thereby became the owner of the land in fee and in his own right.  It is

admitted that the land was devised by him in his will in the manner alleged in the complaint. They further aver that at the administrator's sale the said W. M. Perkins purchased the land at the price of $468, which amount he paid to the administrator, and they insist that if the plaintiffs are entitled to a conveyance of the land, and the $200 was paid by Melissa J. Dickens to W. M. Perkins, then, and in that case, the plaintiffs should be required to pay to the executor of W. M. Perkins the sum of $268, it being the difference between the $200 alleged to have been paid by Melissa J. Dickens and the amount paid by W. M. Perkins to the administrator of Emsley Dickens for the land; and they further insist that the said sum of $268 should be declared by the Court to be a charge upon the land.

At the trial the Court submitted to the jury the following issue: "Did W. M. Perkins buy the land described in the complaint under the parol agreement and with the understanding that he would take a deed for the same and, when he was paid the money advanced for said purpose, would convey a life-estate in the same to Mary J. Dickens, with the remainder in fee to the children of Melissa J. Dickens?

The defendants duly excepted to the submission of the issue.

An issue of fact, as defined by The Code, arises upon the pleadings when a material fact is alleged or maintained by the one party and controverted by the other. The Code, sec. 391. Issues do not arise upon the evidence, nor should they be so framed as to require the jury to find facts which are merely evidential. There is no allegation in the complaint that the parties entered into any such contract as the one set out in the issue. The contract alleged by the plaintiffs to have been made, and denied by the defendants in their answer, instead of being the one described in the issue is quite different in its essential features and involves differ-

ent rights and liabilities.   If the plaintiffs were unable to show by their proof that the contract was made as alleged, and by the evidence established a different agreement, they could have availed themselves of the latter and have enforced the same only by an amendment, provided the cause of action was not thereby substantially changed.   The Code, sec. 273. The plaintiffs alleged that W. M. Perkins had agreed that, upon the payment to him of $200, he would buy the land at the sale and hold the same for the uses already mentioned and conveyed afterwards to the same uses, and that the $200 had been paid, which entitled the plaintiff to a conveyance when W. M. Perkins bought the land, while there was proof tending to show that it was agreed between the parties that Melissa J. Dickens should pay to W. M. Perkins $200, which she did, and that he should advance whatever additional amount might be necessary to pay for the land, and that, with this understanding, he would purchase the land at the sale and, upon being repaid the amount advanced by him, he would convey the same to Mary J. Dickens for life, with the remainder to the children of Melissa J. Dickens.   This must, at least, be taken as the plaintiff's understanding of the testimony, because they did not except to the issue, and must therefore have thought that there was evidence to war-rant an affirmative answer to it by the jury.   But the proof, in this view of it, did not sustain the allegation, and there was therefore a substantial variance, if not a failure, of proof. Clark's Code, sec. 271, and notes; *Faulk v. Thornton,* 108 N. C., 314, and cases cited.   As there was no other allega-tion in the pleadings, either in the complaint or the answer, which could raise the issue framed by the Court and duly excepted to by the defendants, it was error to submit it to the jury.   *Fortescue v. Crawford,* 105 N. C., 29; *Sprague v. Bond,* 113 N. C., 551; *Wright v. Cain,* 93 N. C., 296; *Miller v. Miller,* 89 N. C., 209.   As we have already stated,

this defect may be cured by proper amendment if the plaintiffs intend to rely upon the contract as set out in the issue.

If the proof should be construed as tending to show only that Melissa J. Dickens paid the $200 upon the agreement that W. M. Perkins should buy the land and take a deed therefor to himself and then convey it to the parties above named according to the uses declared in the contract, and that any additional amount advanced by him should be paid by Mary J. Dickens, the payment of the same not to be a condition precedent to the conveyance, but he to rely for reimbursement solely upon the personal promise or obligation of Mary J. Dickens, it would not warrant an affirmative finding upon the issue submitted; and this brings us to the only remaining exception of the defendant which we deem it necessary to consider.

However the case may stand upon the pleadings and proof or upon the issue submitted and any reasonable interpretation of the testimony, we find that his Honor's charge in one respect cannot be sustained. The Court charged the jury, substantially, that if they found the contract was made as alleged in the complaint, that is, that W. M. Perkins was paid the $200 upon his promise to buy the land and hold it in trust and to convey it to Mary J. Dickens for life, with remainder to the children of Melissa J. Dickens, they should answer the issue "Yes." The issue did not embrace only the facts recited in the charge, and the jury were, therefore, in effect, instructed that if they were satisfied that W. M. Perkins made the contract as stated in the charge, they should answer the issue "Yes," which, of course, required them to find that he made another and different contract. This was error. There was no correspondence between the allegation of the complaint and the issue in respect to the terms of the contract, and none between the issue and the charge of the Court.

At the next trial the defendants may, by tendering proper issues and by prayers for instructions, present the other questions argued in this Court as to the illegality of the consideration of the contract and the statute of limitations if it becomes material that they should be passed upon. The question relating to the validity of the parol trust can better be considered when the terms of the contract are ascertained.

For the reasons already given, we do not think the case was correctly tried in the Court below, and a new trial must, therefore, be awarded.

New Trial.