This was a civil action. There was a verdict and judgment for plaintiff, and defendant appealed.
This action is brought to recover the tuition charges for defendant's two sons. The correspondence in evidence establishes a contract between the plaintiff and defendant in pursuance of which the defendant sent his sons to plaintiff's school and agreed to pay a certain sum for their, tuition, board and lodging, the defendant to furnish, as stated in the catalogue, bedclothing and towels.
The court instructed the jury that in this case there is no evidence of violation of contract on part of plaintiff, and jury should answer first issue "Yes." The defendant excepted.
Upon all the evidence, we agree with his Honor that the plaintiff is entitled to recover $250, in case the plaintiff performed the contract on its part, and his Honor did not err in giving the plaintiff's first three instructions. But there was error in giving the fourth.
The law implies that the board and lodging to be furnished by plaintiff must be clean, decent, and reasonably wholesome. The defendant offered evidence tending to prove that when his sons arrived at the school they were assigned to a room furnished solely with "two old home-made bedsteads, two old dirty and filthy mattresses, a piece of a mirror, a goods box for bureau, and an old washstand." The boys testify that they could not sleep on such mattresses, and went to a hotel. The defendant came and made examination. He testifies: "I found conditions there I would not *Page 312 
like to describe; there was filth and dirt all over it, and the mattresses, were so filthy they were not fit for decent people to sleep on."
(271) It is true that the plaintiff introduced much evidence tending to contradict this, and to prove that the accommodations furnished were reasonably wholesome, clean, and suitable for the pupils of the school.
His Honor's instruction did not permit the defendant's evidence to be passed upon by the jury. It is patent that if the conditions were such as described by the defendant and his sons, the plaintiff did not perform the contract on its part, and could not recover. His Honor should have submitted the matter to the jury with appropriate instructions.
New trial.
Cited: Fairmont School v. Bevis, 210 N.C. 52 (c).