This is an action to recover the sum of $500.00, the balance due on a contract by which the defendant agreed to pay to the plaintiff, for the tuition and board of her daughter, for the school year 1932-1933, the sum of $1,000.00, said sum being due and payable as follows: On 26 September, 1932, $250.00; on 1 November, 1932, $250.00; on 3 January, 1933, $250.00; and on 1 February, 1933, $250.00.
It is alleged in the complaint and admitted in the answer that the defendant has paid to the plaintiff the sums due on 26 September, 1932, and on 1 November, 1932, and has failed and refused to pay the sums due on 3 January, 1933, and on 1 February, 1933. *Page 51 
In her answer the defendant admits that she entered into the contract with the plaintiff, as alleged in the complaint. In defense of plaintiff's recovery in this action she alleges:
"1. That the defendant allowed her daughter, Mildred Young, to attend plaintiff's school during the fall term of 1932-1933; that her said daughter attended the said school for less than one-half of the school year, and that the defendant has paid to the plaintiff the sum of $500.00 to cover tuition for the said portion of the academic year during which the defendant's daughter attended said school, the said sum of $500.00 having been paid by the defendant to the plaintiff over and above certain other amounts not included in the tuition fee as aforesaid.
"2. That the defendant's daughter became physically unable to continue to attend plaintiff's school, and came to defendant's home in Charlotte, N.C. during the Christmas holidays of 1932; that defendant's said daughter was physically unfit to remain in plaintiff's school at the time she left for the defendant's home in Charlotte, and that she remained in a weak and disabled physical condition for several months after she returned to defendant's home in Charlotte; that the physicians who attended defendant's daughter advised the defendant that they could not approve of her daughter's return to school; that on account of the physical condition of her said daughter, the defendant notified the plaintiff that her daughter could not return to plaintiff's school after the Christmas holidays of 1932; and that thereafter defendant's daughter did not return to said school, nor has she since that time attended the said school for any length of time whatsoever.
"3. That defendant is advised and believes that her daughter's illness was due to the fact that the plaintiff did not provide her with proper food and with a warm and comfortable place in which to live; on the contrary, the defendant avers that the plaintiff failed to keep its dormitories warm enough to be sufficiently comfortable and healthful for defendant's daughter; that the plaintiff failed to provide the proper nourishment for her daughter's health and welfare; and that the plaintiff failed to care for and provide for the health and development of defendant's daughter as the plaintiff was under duty to do so long as defendant's daughter remained in plaintiff's school as a student; and the defendant further avers that this lack of attention and failure to provide her daughter with necessary care and protection was the cause of her daughter's illness as herein mentioned."
At the trial of the action, over the objections and subject to the exceptions of the plaintiff, the court submitted to the jury the following issues:
"1. Was there a contract entered into between the plaintiff and the defendant, as alleged in the complaint? Answer: ........ *Page 52 
"2. Did the defendant wrongfully breach the contract, as alleged in the complaint? Answer: .......
"3. Did the plaintiff fail to comply with the terms of the said contract, as alleged in the answer? Answer: .........
"4. What amount, if any, is the plaintiff entitled to recover of the defendant? Answer: .........."
The jury answered the first issue "No," and under instructions of the court that in that event they need not answer the other issues, did not answer said issues.
From judgment that plaintiff recover nothing of the defendant, the plaintiff appealed to the Supreme Court, assigning as error the submission by the court to the jury of the first issue.
The defendant in her answer admitted the contract sued on by the plaintiff, as alleged in the complaint. No issue was raised by the pleadings with respect to the contract. For that reason, it was error for the court to submit to the jury, over the objection of the plaintiff, the first issue, and to charge the jury that the defendant contended that they should answer the issue "No."
In Dickens v. Perkins, 134 N.C. 220, 46 S.E. 490, it is said: "An issue of fact as defined by the Code arises upon the pleadings when a material fact is alleged or maintained by one party and controverted by the other. Code, sec. 391." See C. S., 582.
For the error in submitting to the jury the first issue, the plaintiff is entitled to a new trial. The defendant is entitled to have the jury determine the facts on which she relies for her defense to plaintiff's recovery in this action. See Horner's Military School v. Rogers,167 N.C. 270, 83 S.E. 345.
New trial.