L. E. JOHNSON v. JAMES MASSENGILL

No. 7111SC364

(Filed 14 July 1971)

Contracts §§ 26, 28— breach of contract — character evidence — issues

In this action for breach of contract, the trial court did not commit prejudicial error in admitting evidence of defendant's character and reputation which was based on specific acts of conduct, and did not err in failing to submit an issue as to whether plaintiff and defendant entered into a contract as alleged in the complaint.

Chief Judge MALLARD and Judge CAMPBELL concur in the result.

APPEAL by defendant from *Hall, Judge,* 15 January 1971 Session of Superior Court held in JOHNSTON County.

This is a civil action to recover damages for breach of contract. The plaintiff, L. E. Johnson, alleged and offered evidence tending to show that he entered into an oral contract to purchase, at $4.00 per bushel, 15,000 bushels of sweet potatoes from the defendant, James Massengill. According to plaintiff's evidence, the potatoes which he contracted to purchase had been stored by the defendant in the plaintiff's warehouse, and after the plaintiff had paid the defendant $60,000 for 15,000 bushels of potatoes in accordance with the contract, he discovered that the defendant had delivered only 12,233 bushels of potatoes in that some of the containers were not full of potatoes but contained Pepsi-Cola bottles, while other containers were virtually empty.

The defendant admitted that he contracted to sell the plaintiff 15,000 bushels of sweet potatoes at $4.00 per bushel, and that plaintiff paid him $60,000. The defendant denied that

he breached the contract. The jury, for its verdict, found that the defendant breached the contract and awarded the plaintiff $8,644 in damages. From a judgment entered on the verdict, the defendant appealed.

*N. Leo Daughtry and J. R. Barefoot for plaintiff appellee.*

*Grady & Shaw by Philip C. Shaw; and George B. Mast for defendant appellant.*

HEDRICK, Judge.

The defendant, by his first assignment of error, contends that the court committed prejudicial error in admitting evidence of the defendant's general character and reputation which was based on specific acts of conduct. As a general rule, character and reputation cannot be proved by specific acts of conduct. Stansbury, N. C. Evidence, § 111 (2nd ed. 1963). However, all erroneous rulings of the trial court with respect to the admissibility of evidence will not result in a new trial. The burden is upon the appellant to show not only error but that such error was prejudicial to him, or that such error probably influenced the jury. *Board of Education v. Lamm,* 276 N.C. 487, 173 S.E. 2d 281 (1970). This assignment of error relates to two witnesses, husband and wife, being permitted to testify for the plaintiff that the defendant's reputation was "bad with us." The husband was also permitted, over objection of the defendant, to describe a specific business transaction he had with the defendant. There was considerable evidence upon the part of the defendant as to his good character. Although it may have been technical error for the court to allow the witness to describe a personal business transaction with the defendant, upon which the witness might have based his opinion that the defendant has a bad reputation, the defendant has failed to show that he was prejudiced by such testimony in the eyes of the jury.

Next, the defendant contends that the court committed prejudicial error by not submitting an issue to the jury as to whether the plaintiff and defendant entered into a contract as alleged in the complaint.

Paragraph 2 of the complaint is as follows:

"2. That on or about the 9th day of January 1969, the plaintiff entered into a contract with the defendant wherein

and whereby the plaintiff agreed to purchase 15,000 bushels of potatoes at $4.00 a bushel or a total of $60,000.00; and the defendant agreed to sell to the plaintiff 15,000 bushels of potatoes at $4.00 a bushel."

Defendant's answer states: "Paragraph Two is not denied." "Averments in a pleading to which a responsive pleading is required . . . are admitted when not denied in the responsive pleading." G.S. 1A-1, Rule 8(d). All of the evidence offered at the trial tended to show that the plaintiff and the defendant entered into the contract described in Paragraph 2 of the complaint. In *Fairmont School v. Bevis,* 210 N.C. 50, 185 S.E. 463 (1936), Connor, J., quoting with approval from *Dickens v. Perkins,* 134 N.C. 220, 46 S.E. 490 (1904), stated: "An issue of fact . . . arises upon the pleadings when a material fact is alleged or maintained by one party and controverted by the other." Except for the amount of damages, the only issue raised by the pleadings was whether the defendant breached the contract. This assignment of error is overruled.

We have considered all of defendant's assignments of error and find and hold that he had a fair trial in the superior court free from prejudicial error.

No error.

Chief Judge MALLARD and Judge CAMPBELL concur in the result.